IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edmon Gasaway,<br><br>           Petitioner,<br><br>v.<br><br>JT Shartle,<br><br>           Respondent. | No. CV-15-00248-TUC-RCC<br><br>**ORDER** |

Pending before the Court are Petitioner Edmond Gasaway's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) and Magistrate Judge Charles R. Pyle's Report and Recommendation (R & R) (Doc. 12). On September 19, 2016, Petitioner filed an objection to the R & R. Doc. 13. On October 4, 2016, Respondent filed a response. For the foregoing reasons, the Court shall overrule Petitioner's objections, accept and adopt Magistrate Judge Pyle's R & R as the findings of fact and conclusions of law of this Court and deny Petitioner's writ.

**I. Background**

The factual and procedural background in this case is thoroughly detailed in Magistrate Judge Pyle's R & R. The Court fully incorporates the "Background" section of the R & R into this Order.

**II. Discussion**

The duties of the district court in connection with a R & R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may

1  "accept, reject, or modify the recommended disposition; receive further evidence; or
2  return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28
3  U.S.C. § 636(b)(1).

4  Where the parties object to an R & R, "[a] judge of the [district] court shall make a
5  de novo determination of those portions of the [R & R] to which objection is made." 28
6  U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

7  Here, Petitioner makes the same arguments that he claimed in his petition.
8  Specifically, Petitioner alleges that his due process rights were violated "before he ever
9  entered a [Disciplinary Hearing]" because the investigating officer did not conduct a
10 "reasonable investigation." Doc. 13. Petitioner claims that the investigating officer did
11 not determine which locker held the weapon. However, *Wolff v. McDonnell*, 418 U.S.
12 539, 565-66 (1974) does not require specific investigation procedures and only requires
13 "some evidence" to support the disciplinary decision. Because the weapon was found in
14 Petitioner's area of responsibility, there is some evidence to support the disciplinary
15 hearing outcome. Thus, Petitioner's objections to Magistrate Judge Pyle's R&R are
16 overruled and the petition is denied.

17 …
18 …
19 …
20 …
21 …
22 …
23 …
24 …
25 …
26 …
27 …
28 …

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Edmond Gasaway's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is **denied.**

**IT IS FURTHER ORDERED** that this Court shall adopt the Magistrate Judge Charles R. Pyle's Report and Recommendation as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment and close the case.

Dated this 15th day of December, 2016.

_____
Raner C. Collins
Chief United States District Judge